Pearson, J.
 

 The defendant moves to arrest the judgment, because the indictment concludes “against the form of the Act of Assembly,” instead of the “Statute.”
 

 It is best to adhere to established forms, and it tends to promote clearness and precision, always to make use of the same words to convey the same idea. A diversified mode of expression may sometimes add to the beauty of composition, but precision is of more importance in judicial proceedings than beauty.
 

 
 *152
 
 The word
 
 Statute
 
 has a definite meaning. The ■word
 
 Act
 
 has a general meaning, and unless other words are added, it may mean
 
 the doing
 
 of any body ; but statute,
 
 ex vi
 
 termini, means the doing of a legislative body. Hence, to make the word Act convey the same idea as the word Statute, it is necessary to add “0/
 
 the General
 
 Assembly,” thus using five words instead of one. The title of our Legislature is the “General Assembly.” The word
 
 General
 
 is omitted in this indictment, and the obscurity arises from the fact, that- there is no such body as “The Assembly,” properly speaking.
 

 We are of opinion, that the statute, which provides that judgment shall not be arrested by reason of any informality or refinement, where there appears to the Court sufficient in the face of the indictment to induce them to proceed to judgment, applies to this case, and that the judgment should not have been arrested. Our attention has been called to the fact, that the same informality existed in the indictment in
 
 State
 
 v.
 
 Gallimore,
 
 7 Ire. 147. There was judgment in that case, and the prisoner was executed. The informality was not noticed.
 

 This opinion must be certified to the Court below, that it may proceed to give judgment upon the conviction.
 

 Per Curiam.
 

 Ordered accordingly.